FILED
Clerk of Court
United States District Court
By PaulSullivan at 4:18 pm, Sep 04, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | INFORMATION | CR125-061 |
|---|---|---|---|
|  | ) |  |  |
| v. | ) | 18 U.S.C. § 1349 |  |
|  | ) | Wire Fraud Conspiracy |  |
| AUDRICUS PHAGNASAY | ) |  |  |

**THE UNITED STATES ATTORNEY CHARGES THAT:**

**Introduction:**

At all times material to this Information:

### DPRK IT Workers

1. Since 2003, the government of the Democratic People's Republic of Korea ("DPRK" or "North Korea") has been under sanction by the United Nations ("U.N.") due to, among other things, its nuclear weapons program. Since 2016, the United States has likewise had comprehensive trade and economic sanctions against North Korea due to the national security threats posed by North Korea, including its nuclear weapons program. The sanctions effectively cut North Korea off from the U.S. marketplace and financial system and restricted the ability of U.S. persons and companies from doing business with DPRK institutions. As a result, North Korea has sponsored a variety of schemes to evade the U.S. and U.N. sanctions and earn money for the regime.

2. One such scheme involves the use of highly skilled information technology ("IT") workers to obtain remote, pseudonymous employment with companies around the world, including the United States, using false or stolen

1

identities. According to a May 2022 advisory by the Department of State, the Department of the Treasury, and the Federal Bureau of Investigation, the DPRK has dispatched thousands of IT workers around the world, earning revenue that contributes to the DPRK's weapons programs, in violation of U.S. and U.N. sanctions.

3. These workers: (i) misrepresent themselves as foreign (non-DPRK) or U.S.-based remote workers using false or stolen identification documents; (ii) obfuscate their location using virtual private networks ("VPNs"), virtual private servers ("VPSs"), third- country internet protocol ("IP") addresses, and proxy accounts; (iii) surreptitiously obtain remote IT jobs with companies spanning a range of sectors and industries around the world; (iv) develop applications and software for their employers; (v) in some instances, use privileged access gained through such employment for other illicit purposes, including enabling malicious cyber intrusions into an employer's network; and (vi) use U.S. financial institutions to launder wages paid by employers to overseas accounts controlled by DPRK actors and their co-conspirators. DPRK IT workers often enlist U.S. persons to facilitate remote employment schemes.

## COUNT ONE
*Wire Fraud Conspiracy*
18 U.S.C. § 1349

4. Paragraphs 1 through 3 of the Information are incorporated by reference as if fully set forth herein.

5. From on or about December 10, 2019, until on or about December 13, 2021, in the Southern District of Georgia and elsewhere, the Defendant,

**AUDRICUS PHAGNASAY**,

did willfully and knowingly combine, conspire, confederate, and agree with others known and unknown to commit wire fraud, that is having devise and intending to devise any scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmit and causes to be transmitted by means of wire communications in interstate and foreign commerce, any writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice and in violation of 18 U.S.C. § 1343.

6. The Defendant knowingly allowed his identity to be used by overseas IT workers and others known and unknown to: (1) create resumes in the Defendant's name with false information about his experience; (2) use those false representations and the Defendant's identity to obtain employment with U.S. companies; (3) pass employer vetting procedures such as video interviews; and (4) open financial services accounts in the Defendant's name to receive payments from U.S. companies for work the Defendant was not performing.

7. The Defendant received laptops at his home provided by U.S.

companies to overseas IT workers who were using the Defendant's identity. The Defendant also installed unauthorized remote access software on company-provided laptops and allowed overseas IT workers using his identity to access the laptops remotely to complete tasks assigned by the U.S. companies. Because these IT workers remotely accessed laptops located in the Defendant's home, it appeared to the U.S. company employers that the Defendant was performing assigned work from his home in the United States.

8. The Defendant's actions caused at least ten U.S. companies to hire one or more overseas IT workers and pay those individuals a combined total of over $680,000 in salary. For his participation in this scheme, the Defendant received at least $3,450.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATION**

The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

Upon conviction of any of the offenses alleged in Count One, the Defendant, **AUDRICUS PHAGNASAY,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, constituting or derived from proceeds traceable to said violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations charged in Count 1.

If any of the property described above, as a result of any act or commission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ E. Greg Gilluly, Jr.*

E. Greg Gilluly, Jr.
Assistant United States Attorney
Deputy Chief, Criminal Division

*/s/ L. Alexander Hamner*

L. Alexander Hamner
Assistant United States Attorney
*Lead Counsel

*/s/ Jacques Singer-Emery*

Jacques Singer-Emery
Trial Attorney